UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DARREN MARCUS,

                           Plaintiff,

           -against-

THE CITY OF NEW YORK, POLICE OFFICER DANY FANA, shield # 14406, JOHN DOES 1 & 2,

                           Defendants.

------------------------------------------------------------------ x

COMPLAINT

Jury Trial Demanded

DEARIE, CH. J.

CARTER, M.J.

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and three New York City Police Officers employed in the 77th Precinct alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution, and New York State law. Specifically, plaintiff alleges that, on May 20, 2010, in Brooklyn, defendants falsely arrested him on a bogus charge of tampering with evidence and used unreasonable force on him by, among other things, choking him and punching him several times in his ribs. Plaintiff further alleges that defendants made false allegations about him to prosecutors which resulted in him being deprived of his liberty until his arraignment in the morning of May 22, 2010. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claims of false arrest, assault, and battery.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a United States citizen who resides in the Bronx.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Dany Fana and John Does 1 and 2 are New York City Police Officers employed in the 77th Precinct. Defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On May 20, 2010, at approximately 9:30 p.m., plaintiff was inside a convenience store/deli located at 802 Franklin Avenue in Brooklyn.

10. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

11. At the above time and place, Officer Dany Fana and two other male officers in uniform, sued herein as John Does 1 and 2, seized plaintiff without legal justification.

12. Officer Fana told plaintiff that he "fit a description" and ordered him to go to the rear of the store to be searched.

13. Officer Fana illegally searched plaintiff while the other two officers watched.

14. As part of the search, Officer Fana told plaintiff to open his mouth and stick out his tongue.

15. Plaintiff complied with Fana's order.

16. In an attempt to see if plaintiff had drugs in his mouth, Officer Fana choked plaintiff with his right hand and punched plaintiff several times in his ribs and body while the other two officers held plaintiff by his arms.

17. After beating plaintiff, the three officers took plaintiff outside and walked him over to a police van.

18. Before placing plaintiff in the van, one of the three arresting officers grabbed the chain linking plaintiff's handcuffs and jerked the cuffs back causing plaintiff pain.

19. One of the three arresting officers then punched plaintiff in the ribs.

20. The three officers and some other officers took plaintiff to the 77th Precinct and brought him inside.

21. Officer Fana put plaintiff in a cell.

22. Approximately 30 minutes later, an ambulance arrived at the precinct, treated plaintiff, and brought plaintiff, along with an unidentified officer, to Brookdale Hospital where plaintiff was x-rayed and treated.

23. After the hospital discharged plaintiff, plaintiff was brought back to the precinct and put in a cell.

24. While plaintiff was confined in a cell in the precinct, Officer Fana, with the acquiescence of the other two arresting officers, misrepresented in police reports that he observed plaintiff swallow a rocky substance in a plastic bag and that the substance looked like crack cocaine.

25. A few hours later, plaintiff was taken to Brooklyn Central Booking.

26. Plaintiff was held in a cell in Central Booking which was several overcrowded, cold, filthy and unsanitary, and infested with roaches and other pests. The toilet was covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

27. While plaintiff was held in Central Booking, Officer Fana, with the acquiescence of the other two arresting officers, maliciously commenced a bogus prosecution against plaintiff by misrepresenting to the Kings County District Attorney's Office that he had observed plaintiff swallow a rocky substance in a plastic bag and that the substance looked like crack cocaine.

28. As a result of Fana's misrepresentation, plaintiff was charged with Attempted Tampering with Physical Evidence.

29. During the morning of May 22, 2010, plaintiff was arraigned in Criminal Court, Kings County, and the case was adjourned in contemplation of dismissal.

30. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for well over one day, deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Plaintiff also suffered pain and bruising from defendants' use of excessive force and incurred approximately $777 in medical expenses.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

31. Plaintiff repeats the foregoing allegations.

32. Plaintiff did not commit a crime or violation on May 20, 2010 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

33. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

34. Plaintiff repeats the foregoing allegations.

35. Plaintiff did not commit a crime or violation on May 20, 2010 and no police officer observed plaintiff acting in a manner that day which gave rise to probable cause.

36. Accordingly, defendants are liable to plaintiff under New York State law for false arrest.

## THIRD CLAIM

### (UNREASONABLE FORCE UNDER FEDERAL LAW)

37. Plaintiff repeats the foregoing allegations.

38. Defendants' use of force upon plaintiff or their failure to intervene was objectively unreasonable and caused plaintiff pain and injury.

39. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

### FOURTH CLAIM

### (ASSAULT UNDER STATE LAW)

40. Plaintiff repeats the foregoing allegations.

41. Defendants' acts of beating, searching, and handcuffing plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

42. Accordingly, defendants are liable to plaintiff under New York State law for assault.

### FIFTH CLAIM

### (BATTERY UNDER STATE LAW)

43. Plaintiff repeats the foregoing allegations.

44. Defendants' acts of beating, searching, and handcuffing plaintiff were offensive and nonconsensual physical contacts.

45. Accordingly, defendants are liable to plaintiff under New York State law for battery.

### SIXTH CLAIM

### (FABRICATION OF EVIDENCE)

46. Plaintiff repeats the foregoing allegations.

47. Detective Fana, with the acquiescence of the other defendants, falsely stated to the Kings County District Attorney's Office that plaintiff that he had observed plaintiff swallow a rocky substance in a plastic bag and that the substance looked like crack cocaine.

48. Defendants' misrepresentation deprived plaintiff of liberty in that plaintiff was held until his arraignment on May 22, 2010.

49. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## SEVENTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

50. Plaintiff repeats the foregoing allegations.

51. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested, assaulted, and battered plaintiff.

52. The City of New York is therefore vicariously liable to plaintiff under New York State law for the aforesaid torts.

## EIGHTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

53. Plaintiff repeats the foregoing allegations.

54. The City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

55. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

56. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

57. In addition, the following are City policies, practices and customs:

7

(a) arresting innocent individuals, primarily minorities like plaintiff, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: August 4, 2010
Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391